PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* JOSÉ RAMOS, Defendant and Appellant.

No. 3360.   Argued January 19, 1928.—Decided February 23, 1928.

*Dubón & Ochoteco* for the appellant.   *José E. Figueras, Fiscal,* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

José Pereira Leal complained against José Ramos, charging him with violating section 2 of Administrative Bulletin No. 210, as follows: "That on November 29, 1927, in . . . . Bayamón . . . . the defendant . . . . unlawfully, wilfully, maliciously and with intent to evade the law, has built a garage near his home which does not conform to the dimensions of the plan approved by the engineering division of the Health Department notwithstanding the warnings given him not to build the garage unless it complied with the dimensions of the said plan . . ."

By virtue of an appeal a new trial was had in the district court which convicted the defendant and fined him five dollars.

The defendant has taken an appeal to this Supreme Court. The following is the only question raised in his brief: The district court erred in holding that the complaint charged him with a violation of section 2 of Administrative Bulletin No. 210.

Said section reads as follows:

"Section 2.—From and after the approval of these Regulations no building or re-building of any structure shall be allowed in the

Island of Porto Rico without previously submitting to the Health Department the plans in triplicate for such structure. A copy of the approved plans shall be filed in the office of the Health Engineer, another copy shall be delivered to the Health Officer or his substitute and the third copy shall be the property of the applicant who shall keep it in the building under construction at the disposal of the Health Engineer or his representative during the working hours.

"The Health Department shall approve the said plans, or in a proper case shall make the necessary remarks in accordance with the health regulations in force, within a reasonable time. No work shall be allowed before the final approval of said plans."

In arguing that assignment the appellant contends that as the prohibition refers to the construction of a building without the previous approval of his plan by the Department of Health and in this case the plan for the garage was approved, the fact that subsequently the garage was built without following the plan does not constitute any violation of the said section.

We do not agree. The section requires something more than to apply for and secure the approval of the plan. The copy of the plan belonging to the owner must be kept by him at the disposal of the health engineer during the working hours while the work is being done. It is not a mere formality. The plan is drawn and approved as drawn or as modified and should be followed. To construct a building without following the plan previously drawn and approved amounts to building it without a plan, and that is the act charged, that is, building the garage without conforming to the dimensions specified in the said plan notwithstanding the warning given him constitutes the violation for which he has been prosecuted and fined.

The judgment appealed from must be affirmed.

Mr. Justice Texidor took no part in the decision of this case.